IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MALISSA HENRY                                                    PLAINTIFF

vs.                              Civil No. 5:21-cv-05055

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                         DEFENDANT

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Malissa Henry ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision

of the Commissioner of the Social Security Administration ("SSA") denying her applications for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II

and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Timothy

l. Brooks referred this case to this Court for the purpose of making a report and recommendation.

In accordance with that referral, and after reviewing the arguments in this case, this Court

recommends Plaintiff's case be **REVERSED AND REMANDED.**

## 1.    Background:

Plaintiff protectively filed her disability applications on December 17, 2018.  (Tr. 11). [1]  In

these applications, Plaintiff alleged a disability onset date of December 24, 2017.  *Id.*  She also

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages
for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 11.
These references are to the page number of the transcript itself not the ECF page number.

1

alleged being disabled due to arthritis, asthmas, depression, anxiety, "lymes", and migraines. (Tr. 271).  Her applications were denied initially and again upon reconsideration.  (Tr. 11).

After these denials, Plaintiff requested an administrative hearing, and this hearing request was granted.  (Tr. 189-234).  On May 6, 2020, an ALJ held an administrative hearing.  *Id.*  At this hearing, Plaintiff was present and was represented Meghan Gallo.  *Id.*  Plaintiff and Vocational Expert ("VE") Debra Steele testified at this hearing.  *Id.*

On July 28, 2020, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's DIB and SSI application.  (Tr. 11-27).  The ALJ found Plaintiff met the insured status of the Act through December 21, 2022.  (Tr. 13, Finding 1).  The ALJ also found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 24, 2017.  (Tr. 13, Finding 2).

The ALJ then determined Plaintiff had the severe impairments of migraine headaches, systemic lupus erythematous, arthritis, chronic pain, anxiety, depression, borderline personality traits, posttraumatic stress disorder, and asthma.  (Tr. 14, Finding 3).  The ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC").  (Tr. 16-24, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found they were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff had the RFC to perform sedentary work, except she could not be exposed to dust, fumes, or other pulmonary irritants; could perform unskilled work with supervision that is simple, direct and concrete; and could have social interaction with the public that is brief and superficial.

2

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was not capable of performing her PRW.  (Tr. 24, Finding 6).  The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 24, Finding 10).  The VE testified at the administration hearing regarding this issue. Based upon that testimony, the ALJ determined a hypothetical person with Plaintiff's limitations retained the capacity to perform work as a tube worker with approximately 32,240 such jobs in the national economy; addressing clerk with approximately 31,345 such jobs in the national economy; and document preparer with approximately 93,645 such jobs in the national economy.  (Tr. 25).

In making this determination, the VE stated her testimony was based upon information provided by U.S. Publishing and testified as follows:

(Examination by Ms. Gallo):

Q: And Dr. Steele, the other question I have is can you tell me your source of job number data?

A: Occupational Employment Quarterly 2, 3.2 U. S. Publishing.

(Tr. 69).

The VE was not able to provide the basis or the reliability of her testimony or the statistics supplied by U.S. Publishing.  (Tr. 70-72).

Because the ALJ found Plaintiff could perform these other jobs, the ALJ determined Plaintiff was not under a disability, as defined by the Act, at any time from December 24, 2017, through the date of the ALJ's decision.  (Tr. 26, Finding 11).  Plaintiff sought review with the Appeals Council.  (Tr. 1-7).  On January 19, 2021, the Appeals Council denied this request for review.  *Id.*  On March 16, 2021, Plaintiff filed a Complaint in this case.  ECF No. 1.  Both Parties have filed appeal briefs.  ECF Nos. 15, 19.  This matter is now ripe for consideration.

2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that wouldhave supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses

4

the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts

to the Commissioner to prove that there are other jobs in the national economy that the claimant

can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only

considers the plaintiff's age, education, and work experience in light of his or her RFC if the final

stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

        In her appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial

evidence in the record.  ECF No. 15.  In making this claim, Plaintiff raises three issues for reversal:

(1) the ALJ's disability determination is not supported by substantial evidence in the record

because she failed to fulfill his burden at Step Five of the Analysis; (2) the ALJ's disability

determination is not supported by substantial evidence in the record because she failed to identify

jobs she could perform; and (3) The ALJ's disability determination should be reversed because

Mr. Saul, the former SSA commissioner, was not appointed in accordance with the Constitution.

*Id.*  Upon review, the Court finds the ALJ's Step Five determination is not supported by substantial

evidence in the record; thus, the Court will only consider Plaintiff's first issue for reversal.

        As recognized above, at Step Five of the Analysis, the SSA has the burden of demonstrating

the claimant is able to perform "other jobs in the national economy."  *See Snead v. Barnhart,* 360

F.3d 834, 836 (8th Cir. 2004). *See also* 20 C.F.R. § 404.1520(g) (2012). Here, to meet that burden, the ALJ relied upon the testimony of the VE. (Tr. 24-26). With her testimony, the VE identified three jobs Plaintiff could perform. (Tr. 25). The VE also identified the total number of jobs in the national economy Plaintiff retained the capacity to perform. *Id.* Upon cross-examination, the VE testified the source of her opinions was U.S. Publishing. (Tr. 69). The VE refused to answer certain questions related to U.S. Publishing because she was not an "employee" of U.S. Publishing. (Tr. 71-72).

In her opinion, the ALJ stated the VE's testimony was reliable and listed the governmental sources that the Administration has taken administrative notice of as follows:

1. Dictionary of Occupational Titles, published by the Department of Labor;
2. County Business Patterns, published by the Bureau of the Census;
3. Census Reports, also published by the Bureau of the Census;
4. Occupational Analyses, prepared for the Social Security Administration by various State employment agencies; and
5. Occupational Outlook Handbook, published by the Bureau of Labor Statistics.
(20 C.F.R. §§ 404.1566; 416.966).

(Tr. 27). The ALJ is correct that the VE is fully permitted to rely upon the Dictionary of Occupational Ttitles ("DOT"). *See, e.g., Jordan v. Astrue,* 390 F. App'x 611, 611-12 (8th Cir. 2010) (recognizing the "Secretary may take administrative notice of any 'reliable job information,' including both the DOT and the Job Service Summaries").

In the present action, however, the VE *did not* testify she relied upon the DOT. Instead, as recognized above, she testified she relied upon the statistics from U.S. Publishing:

Q: And Dr. Steele, the other question I have is can you tell me your source of job number data?

A: Occupational Employment Quarterly 2, 3.2 U. S. Publishing.

(Tr. 69).

When cross-examined on the reliability of U.S. Publishing, the VE could not verify the reliability of any of their statistics:

> Q: Right. And I'm saying the methodology of doing that, if we're looking at it and just doing straight division, does that have any parameters of reliability? Is that an accurate method to do that?
>
> A: I cannot speak on behalf of U.S. Publishing. I'm not an employee of theirs.

(Tr. 71-72).

> Q: Well, so as far as their data accuracy, you can't speak to that, is that a correct interpretation of what you're saying?
>
> A: I believe their data accuracy is accurate, yeah, myself.
>
> Q: Do you have any publications you can refer me to that would support that position?
>
> A: Well, I can tell you now that U.S. Publishing uses Dictionary of Occupational Titles, the Census of Population and Housing, and how they get employment, they also use Selected Characteristics of Occupations, the Dictionary of Occupational Titles, Census of Population and Housing and Occupational Projections and Training Data.
>
> Q: How do they use the Selected Characteristics of Occupations to determine job number data?
>
> A: I'm not an employee of U.S. Publishing. I cannot say for certain.

(Tr. 72).

Based upon this record and the VE's failure to respond to these questions, the Court cannot find this is "reliable job information" such that the ALJ has met her burden under Step Five.[2]  As such, this case should be reversed and remanded.

**4.      <u>Conclusion:</u>**

---

[2] While U. S. Publishing's data may in fact be reliable, based on the evidence before the ALJ, there was no proof of the accuracy of that data.

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 17th day of May 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE